IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DONTA JENKINS,

                              OPINION AND ORDER

          Plaintiff,

                                22-cv-174-bbc

    v.

MAYO CLINIC, DIANE S. WILKEN APNP,
AND DEFENDANT #C,

         Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff Donta Jenkins has filed a civil complaint seeking damages from the Mayo Clinic in Eau Claire, Wisconsin, and two of its employees who treated him for an abscess in October 2021. He alleges that defendant Diane Wilken, a nurse practitioner, and another employee, failed to treat his abscess properly, causing him unnecessary pain and suffering. Because plaintiff is proceeding under the in forma pauperis statute, 28 U.S.C. § 1915, I must screen his complaint and dismiss any claims that are legally frivolous, malicious, fail to state a claim on which relief may be granted or ask for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915(e)(2)(B).

      A threshold question in any case is whether the court has jurisdiction over any of the claims that plaintiff is trying to bring. Federal courts have limited jurisdiction, which means that they may hear a case only if Congress or the Constitution authorizes it. Generally, this court may consider only cases: (1) that arise under federal law, 28 U.S.C. § 1331; or (2) in which the parties in the suit are citizens of different states and the amount in controversy

1

is greater than $75,000, 28 U.S.C. § 1332.  I must determine whether subject matter jurisdiction exists, even if none of the parties raise the issue.  McCready v. White, 417 F.3d 700, 702 (7th Cir. 2005).

Plaintiff says that defendants violated his federal constitutional rights under the Eighth Amendment, but the Eighth Amendment applies to convicted and incarcerated prisoners, and plaintiff is not incarcerated.  Estate of Cole by Pardue v. Fromm, 94 F.3d 254, 259 (7th Cir. 1996) ("The Eighth Amendment's prohibition on cruel and unusual punishment gives rise to the constitutional rights of a convicted state prisoner.").  Moreover, only government actors, or those acting under the color of law, could violate plaintiff's constitutional rights, West v. Atkins, 487 U.S. 42, 49 (1988), and plaintiff does not allege facts suggesting that any of the defendants were government actors.  Thus, the allegations of his complaint do not state a claim under federal law.

Plaintiff also contends that defendants violated his rights under state law, by committing medical malpractice and acting negligently.  However, this court cannot exercise jurisdiction over plaintiff's state law claims because plaintiff alleges that he and defendants are both citizens of Wisconsin.

In sum, plaintiff's allegations do not state any claim over which this court has subject matter jurisdiction.  Accordingly, I must dismiss the complaint.

ORDER

IT IS ORDERED that plaintiff Donta Jenkins' complaint is DISMISSED for lack of jurisdiction.

Entered this 22d day of April, 2022.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge